# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

KEVIN D. CLARK,                    )
                                   )
      Petitioner,            )
                                   )
v.                                 )    NO. 2:18-cv-00103
                                   )
TONY MAYS, Warden,                 )
                                   )
      Respondent.            )

## MEMORANDUM OPINION

Kevin D. Clark, an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) After being served with Respondent's answer and the record, Petitioner filed a Motion to Expand the Record and Motion for Evidentiary Hearing, pursuant to Rules 7 and 8 of the Rules Governing Section 2254 Cases ("Habeas Rules"), and a supporting memorandum. (Doc. Nos. 17, 18.) Respondent filed a response to Petitioner's motion (Doc. No. 19), and Petitioner filed a reply. (Doc. No. 21.)

Petitioner has also filed a Motion for Leave to Amend Petition for Writ of Habeas Corpus Relief and Declaration in Support (Doc. Nos. 22, 24), to which Respondent has filed a response. (Doc. No. 23.)

Petitioner's motions are ripe for decision by the Court. For the reasons that follow, both motions will be denied.

**Background**

This action stems from Petitioner's conviction of multiple crimes, including the first-degree murder of his mother and brother, and his sentence to consecutive life sentences for these crimes. The jury rejected Petitioner's theory of defense at trial: that the killings were crimes of passion rather than premeditated murders. Despite trial counsel's efforts to persuade the jury that Petitioner had not planned these killings but had acted in the heat of the moment following an act of provocation by his family members, the jury convicted him of first-degree murder based on proof of premeditation that the Tennessee Court of Criminal Appeals described as "overwhelming." State v. Clark, No. M2012-01744-CCA-R3CD, 2013 WL 6145812, at *8 (Tenn. Crim. App. Nov. 21, 2013).

Petitioner claims in Claim Three of his petition that, e.g., his trial counsel was ineffective for failing to question Petitioner's ex-wife about a recent change in his work schedule, as well as his recent mental health treatment with medication and changes in his behavior. (Doc. No. 1 at 12–15.) He alleges that "Susan Clark communicated this information to counsel and stated that she would have testified at trial regarding these facts, but counsel never asked her anything about the change in Petitioner's work schedule, the medication that he was taking, that the medication was for panic and depression anxiety disorder, and that it led to the change in his behavior, that is, suppressed anger, rage, and sudden resentment, that eventually caused him to snap." (Doc. No. 1 at 15.) Petitioner raised this claim before the state post-conviction trial court, as part of a larger claim of ineffective assistance for failing to present proof to support the defense theory of diminished capacity or lack of criminal responsibility. (Doc. No. 14-20 at 25–33.) The post-conviction trial court denied this claim on its merits after hearing testimony from both Ms. Clark and trial counsel. (Doc. No. 14-21 at 45, 48–49.) However, Petitioner's post-conviction counsel

did not raise this claim on post-conviction appeal. (See Doc. No. 14-24.) Accordingly, Respondent argues that this ineffective assistance claim has been procedurally defaulted. (Doc. No. 16 at 24.)

Petitioner now seeks to introduce new evidence in response to Respondent's assertion that he procedurally defaulted his claim of ineffective assistance of trial counsel. (Doc. No. 18 at 1–2.) Petitioner concedes the default of this ineffective assistance claim, but seeks to excuse that default at a hearing before this Court where he will present evidence that he claims he could not have previously discovered through the exercise of due diligence, and that will be sufficient to demonstrate that, but for counsel's ineffectiveness, no reasonable juror would have found him guilty of first-degree murder. (Doc. No. 18 at 2–3.) Specifically, Petitioner asks the Court to secure and consider the records of his own mental health treatment with Dr. Joanna Gibbs, M.D., from before the murders and to elicit and consider statements from Dr. Gibbs about that treatment. (Doc. No. 18 at 4, 10–11.) Petitioner asserts that these records will demonstrate his treatment for "panic and depression anxiety disorder" with the depression medication Citalopram and the anxiety medication Ativan, and "will include evidence concerning exactly when, before the crime, Petitioner last consumed the prescription medication and how much he consumed." (Id. at 2, 7; Doc. No. 18-1 at 6.)

**Motion to Expand the Record**

### A. Excusing Default Under Martinez v. Ryan

When a habeas petitioner has failed to fully exhaust a claim in state court and is now unable to do so because of a procedural rule, he has defaulted that claim. Coleman v. Thompson, 501 U.S. 722, 752–53 (1991). Except in cases where the petitioner can establish that he is actually innocent, federal habeas review of the merits of defaulted claims is prohibited unless the petitioner demonstrates cause for, and prejudice from, his default. Alley v. Bell, 307 F.3d 380, 386 (6th Cir.

2002). According to Petitioner, the evidence he seeks to add to the record, when properly developed at an evidentiary hearing, will demonstrate cause excusing his procedural default under Martinez v. Ryan, 566 U.S. 1 (2012),[1] and will establish his actual innocence of the first-degree murder of his family members. (Doc No. 1–8, 9.)

But Petitioner overlooks that Martinez can only provide cause to excuse the default of claims that were defaulted at the "initial-review collateral proceeding," i.e., in the post-conviction trial court. Martinez, 566 U.S. at 16. Here, Petitioner's claim that his "trial attorney provided ineffective assistance of counsel by failing to present proof of the Petitioner's poor mental health and unusual behaviors during the time of the subject events" was raised, heard, and decided on the merits in the post-conviction trial court, which found as follows:

> Susan Clark was married to the Petitioner at the time of the alleged events. She testified at trial. During the post-conviction hearing, she said that at the time of the alleged events, there was a change in the Petitioner's work schedule. Additionally, the Petitioner discontinued use of his prescribed medications for anxiety. The Petitioner began having changes in his behavior. He couldn't find his doctor's office. On two occasions, he drove onto a highway exit ramp.
>
> Clark said that she told Attorney Giaimo and/or the investigator employed by the Petitioner of these behaviors prior to trial because she believed the Petitioner's changed work schedule and discontinuation of his medication were the reasons for the behaviors that led to the alleged events.
>
> Attorney Giaimo said that he did not remember if Clark told him of these memory problems and odd behaviors, but if she did, Giaimo would have told the Petitioner's mental health expert. According to Giaimo, the Administrative Office of the Courts approved funding for Dr. Bruce Seidner, Clinical and Forensic Psychologist. Dr. Seidner was highly recommended. He traveled to Overton County and met with and examined the Petitioner on several occasions. He had all the Petitioner's medical and educational records and was aware of all medications prescribed for and taken by the Petitioner.

---

[1] Martinez established that, in certain circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. In Sutton v. Carpenter, 745 F.3d 787, 795–96 (6th Cir. 2014), the Sixth Circuit held that the Martinez exception applies in Tennessee.

Following his evaluation, Dr. Seidner met with Attorney Giaimo. Dr. Seidner's conclusion was definitive. He would not be of assistance in the defense of the Petitioner. Giaimo quoted Dr. Seidner as saying, "Sometimes people get pissed off and kill other people." The Petitioner presented no proof to show that Attorney Giaimo provided ineffective assistance of counsel by his failure to present proof of the Petitioner's mental health at the time of the alleged incident.

(Doc. No. 14-21 at 45, 48–49.) Petitioner did not appeal the denial of relief on this claim and thus defaulted the claim at the appellate level rather than the initial-review phase. Because the claim was defaulted on post-conviction appeal, rather than as the result of ineffective assistance at the initial-review stage of post-conviction proceedings, Martinez does not authorize any reconsideration of it. West v. Carpenter, 790 F.3d 693, 698–99 (6th Cir. 2015). Any additional evidence Petitioner seeks to present in support of this claim is, therefore, immaterial to its outcome, and there is no basis for the Court to permit or consider such evidence.

That Petitioner faults his post-conviction counsel for failing to present additional evidence in support of his claim about his mental health does not change that result. Martinez simply does not apply when a petitioner seeks effectively to relitigate a later-defaulted post-conviction claim with new evidence to support it. As the Sixth Circuit instructed in West, even if the failure to assert these particular facts at the post-conviction hearing resulted in the rejection of a potentially meritorious claim for reasons "traceable directly to counsel's deficient advocacy," that deficiency did not cause the default of the claim in order to trigger Martinez's application. West, 790 F.3d at 698–99.

Petitioner argues that his proffer of new evidence that would potentially excuse his procedural default meets the criteria of 28 U.S.C. § 2254(e)(2), which allows new evidence where a petitioner "failed to develop the factual basis of a claim in State court proceedings" **if** the claim rests on "a factual predicate that could not have been previously discovered through the exercise

of due diligence."[2] 28 U.S.C. § 2254(e)(2)(A)(ii). That argument fails for the obvious reason that the factual predicate of Petitioner's claim was known to him since before his trial.[3]

Petitioner argues that the records of his treatment with Dr. Gibbs "will establish that Dr. Gibbs was attempting to modify the dosage of the petitioner's psychotropic medications at time period associated with the murders," and that such evidence "would have supported [his] defense at trial, as well as his claim of ineffective assistance of counsel at the post-conviction evidentiary hearing," by showing that he was involuntarily intoxicated by the mixture of his prescription medications and thus lacked the capacity to commit premeditated murder. (Id. at 6–7.) But all of those facts were clearly known to Petitioner long before he failed to present them in state court. To the extent that he relies on the fact that he did not possess Dr. Gibbs's actual records or notes during his state proceedings, he fails to assert any diligence on his part in trying to obtain them, as required by Section 2254(e)(2)(A)(ii). McQuiggin v. Perkins, 569 U.S. 383, 396 (2013) (holding that a petitioner seeking a hearing under this provision "must show diligence"). Accordingly, Petitioner does not assert a newly discovered factual predicate as required to entitle him to present new evidence in support of his defaulted habeas claim.

---

[2]     Petitioner also argues that, "pursuant to Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L. Ed. 2d 770 (1953), a federal evidentiary hearing is required." (Doc. No. 1 at 8–9.) However, the standard articulated in Townsend was overruled in Keeney v. Tamayo-Reyes, 504 U.S. 1, 5 (1992), which was itself superseded by the provisions of the Antiterrorism and Effective Death Penalty Act codified in Section 2254(e).

[3]     Petitioner also fails to satisfy prong (B) of Section 2254(e)(2) because, as discussed below, he cannot establish his actual innocence. See 28 U.S.C. § 2254(e)(2)(B) (requiring that the previously undiscovered factual predicate "be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

**B. Excusing Default Via Actual Innocence**

Petitioner also argues that his procedural default may be excused upon a showing that he is actually innocent of first-degree murder due to his involuntary intoxication, which he claims may be shown by the evidence of prescription medications he seeks expansion of the record to include. There exists "a narrow exception" to the general rule that procedural default can only be excused by a showing of cause and prejudice: "when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense[.]" Dretke v. Haley, 541 U.S. 386, 388 (2004). To pass through this actual innocence gateway to the merits of a defaulted claim, a petitioner is required "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup, 513 U.S. at 327–28) (internal quotation marks omitted).

Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." Id. Here, Petitioner argues that, due to his involuntary intoxication by his depression and anxiety medications, "he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform that conduct to the requirements of the law allegedly violated; to wit: first degree murder." (Doc. No. 18 at 7.) He "further contends that the 'actual innocence' of the crime charged would include the situation where the new evidence [from Dr. Gibbs] would show the Petitioner not guilty of first degree murder, though guilty of some lesser offense." (Id. at 7–8.) However, as Petitioner concedes, the law of this circuit does not support his argument.

The Sixth Circuit recognizes that arguments going to legal innocence, as opposed to factual innocence, do not support review of defaulted claims through the actual innocence exception. Harvey v. Jones, 179 F. App'x 294, 298–99 (6th Cir. 2006) (citing, e.g., Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (rejecting as arguments going to legal innocence petitioner's claim that he was not guilty of first-degree murder because he was intoxicated and acted in self-defense)). "The relevant case authority solidly supports the . . . view that in this circuit a habeas petitioner may not show his 'actual innocence' under Schlup by presenting new evidence that might have led a jury to convict him of a lesser offense," as such evidence would only demonstrate legal rather than factual innocence. Wolfe v. Westbrooks, No. 3:14-cv-1575, 2019 WL 1242701, at *2 (M.D. Tenn. Mar. 18, 2019) (citing Harvey, 179 F. App'x at 298). In Robinson v. Morrow, citing several cases that addressed actual-innocence arguments based on "new evidence show[ing] [the petitioner] is guilty only of a lesser degree of homicide," the Court recognized that such evidence does not demonstrate factual innocence, and "conclude[d] that by asserting that he is guilty of something less than premeditated first-degree murder, Petitioner has failed to satisfy the standard for gateway actual innocence." Robinson, No. 3:08-cv-00235, 2015 WL 5773422, at *18–20 (M.D. Tenn. Sept. 30, 2015). See also Artz v. Burton, No. 5:06–cv–10238, 2014 WL 3440078, at *18–19 (E.D. Mich. Feb.18, 2014) report and recommendation adopted, No. 06–10238, 2014 WL 3451410 (E.D. Mich. July 15, 2014) ("Nor can petitioner establish actual innocence on the basis that Dr. Galdi's opinion that he suffered from marijuana psychosis renders him actually innocent of first degree murder, and guilty of only second degree murder, because it would negate the specific intent elements of first degree murder. This is not the type of evidence of factual innocence that would render it a miscarriage of justice to fail to address petitioner's procedurally barred claims on the merits.").

Petitioner acknowledges this authority, but argues that the Court should nevertheless allow discovery and an evidentiary hearing on his actual innocence claim because the Sixth Circuit is "in the minority on this matter" and the Supreme Court has not resolved the existing circuit split. (Doc. No. 21 at 2–4.) However, unless and until the Supreme Court overrules the Sixth Circuit's position, this Court will follow <u>Harvey</u> and its progeny. Because Petitioner does not identify new evidence which would show his factual innocence of the homicide charges, but only evidence that would potentially support a claim of legal innocence of first-degree, premeditated murder, he cannot use the <u>Schlup</u> gateway to reach the merits of his defaulted ineffective assistance claim or otherwise justify expansion of the record.

For the foregoing reasons, Petitioner's Motion to Expand the Record and Motion for Evidentiary Hearing (Doc. No. 17) will be denied.

**Motion to Amend the Petition**

Finally, Petitioner has moved for leave to amend his petition (Doc. No. 22) and has attached his proposed "Amended Petition for Writ of Habeas Corpus Relief and Memorandum of Law" (Doc. No. 22-1), which he requests to be considered in addition to his original form petition. Respondent does not object to the proposed amendment insofar as it presents further argument in support of the claims of the original petition and does not attempt to assert any new claims. (Doc. No. 23.) In reply, Petitioner confirms that his amendment is offered to clarify claims and positions asserted in his original petition. (Doc. No. 24 at 1–2.)

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Except when amendment is made as a matter of course, Federal Rule of Civil Procedure 15(a) allows amendment "with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed.

R. Civ. P. 15(a)(2). In view of the lack of any objection to the proposed amendment, Petitioner's motion for leave to amend his petition (Doc. No. 22) will be granted.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE